# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

November 11, 2022

**Via ECF**

Hon. Valerie Figueredo, USMJ
United States District Court, SDNY
500 Pearl Street,
New York, NY 10007-1312

>       **Re: Bryant v. Motivate LLC**
>            Case No.  22-CV-03516 (VSB)(VF)
>            **Motion for Settlement Approval**

Dear Magistrate-Judge Figueredo:

  My firm represents plaintiff Hilma Padilla Sandoval ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decisions in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Defendant and Plaintiff both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the fully executed settlement agreement. Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel – the basis for the 1/3 fee in this case.

  The parties have consented to Your Honor's jurisdiction. (See ECF No. 18).

  The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brings claims for unpaid wages and liquidated damages under the FLSA and NYLL, as well as claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3). Plaintiff also brought claims for lost wages on his wrongful termination claim.

  In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and

claims were further refined after extensive discussions, and exchange of information during the mediation conducted by a mediator from this Court's mediation panel.

Plaintiff was employed by Defendant from in or around August 2017 to on or about December 9, 2021. The complaint in this action was filed on April 30, 2022. (See ECF No. 1). We therefore have unpaid overtime wages of approximately $21,450 on Plaintiff's overtime claim under the NYLL six-year statute of limitations period – including about $7,722 under the FLSA's two-year statute of limitations period for non-willful violations.

Defendant may also be able to avoid the imposition of liquidated damages – including liquidated damages on the manual worker claims, if it proves the good-faith affirmative defense. Plaintiff also brings claims for wage notice and wage statement violations but the jurisprudence in this area is unsettled. Moreover, recovery for wage notice and wage statement violations is covered by NYLL and not protected by the FLSA – Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant. Defendant denies liability and maintain that Plaintiff was properly compensated for all hours worked.

In terms of the wrongful termination claims, Plaintiff would have incurred lost wages of about $1300 a week for the period from the date of his termination (December 9, 2022), to when he became employed or about May 2022 – or about $26,000. Defendant disputes the reason and circumstances surrounding Plaintiff's termination.

In addition to the usual release under *Cheeks*, the broader release here also releases employment claims including the termination claims in this action. (Ex. 1 ¶ 2(a)). The expansion of the release in this case is proper in the context of this case for several reasons. First, the termination claims are asserted in the complaint and were specifically addressed in the mediation held through the Court's mediation program and the final settlement number recommended was higher as a result of the inclusion of the wrongful termination claims and a broader release that was specifically part of the mediator's proposal. Second, there is a release by Defendant in favor of Plaintiff. (Ex. 1 ¶ 2(c)). Third, it appears that Plaintiff does not have any other viable claims against the Defendant other than those asserted in this action. See i.e. *Contreras v. GM6 Residential Services, LLC et al,* Case No. 18-CV-12148, ECF No. 23-24, (May 23, 2019)(approval of FLSA settlement agreement with mutual releases); *Hixholli v. Aqua 3065 GC LLC et al,* Case Number 19-CV-05654, ECF No. 35, page 2 ¶ 1, (Judge Netburn - SDNY, November 25, 2019)(approval of FLSA settlement agreement with mutual releases); *Hidalgo v. Villiford Realty Corporation*, Case No. 18-CV-10017, ECF No. 23, (April 22, 2019)(approval of FLSA settlement agreement with mutual releases); *Kumar v. Astoria Center Inc. et al,* Case No. 19-cv-02497 (Magistrate-Judge Bulsara, April 22, 2020)(approving mutual general releases under Cheeks). See also *Mantalis v. Polo Soap Supplies, Inc. et al*, Case No. 19-cv-00477 (Magistrate-Judge Gold)(EDNY - January 13, 2020) (approving mutual general releases under Cheeks).The total settlement amount is $25,000. (See Ex. 1 ¶ 2).

Under the settlement, Plaintiff is due to receive $33,015 (See Ex. 1 ¶ 1(a, b, c)) after costs ($478), and a 1/3 contingency fee ($16,507). (See Ex. 1 ¶ 1(c)).  See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020)

(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel are governed by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel is due to receive reimbursement of Four Hundred Seventy-Eight Dollars ($478) in filing ($402), and service costs ($76), plus a 1/3 contingency fee of Sixteen Thousand, Five Hundred and Seven Dollars ($16,507) (Ex. 1 ¶ 1(c))[1].

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Padilla Sandoval v. Yeshiva Tzoin Yosef Pupa Inc,* Case No. 21-CV-10417 (Judge Figueredo - SDNY October 4, 2022)(approving a 1/3 fee of $8,189 under *Cheeks*); *Barrett v. R.Y. Management Co. Inc.,* Case No. 22-CV-00737 (Judge Figueredo - SDNY October 4, 2022)(approving a 1/3 fee of $5,218 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – R&R November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

$23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY).

     In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff may receive nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the FLSA wages claimed and represents a fair compromise in light of the legal and factual issues. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

     Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**     **Defense Counsel via ECF**